# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**YOLANDA TURNER,**
**Claimant Below, Petitioner**

FILED

May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 13-0415** (BOR Appeal No. 2047764)
                    (Claim No. 2012009108)

**LOGAN COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Yolanda Turner, by Anne L. Wandling, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan County Board of Education, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2013, in which the Board affirmed a October 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 20, 2011, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Turner worked for the Logan County Board of Education as a custodian for a school when she injured her back on May 6, 2011. Thereafter, Ms. Turner was placed on leave until September 8, 2011, by Ramanathan Padmanaban, M.D. Dr. Padmanaban noted that she had finished her work conditioning and was ready to return to work on September 8, 2011, at full duty. However, she did not want to return to her job because her pain was so bad it would cause her to limp. On September 7, 2011, Prasadarao B. Mukkamala, M.D., examined Ms. Turner and determined she had reached her maximum degree of medical improvement and was ready to return to work. Ms. Turner also relayed to Dr. Mukkamala that she did not want to return to work because she was in so much pain she could not walk properly. The next day Ms. Turner reported to work. Ms. Turner testified that when she locked herself in the closet another custodian was

nearby using the restroom. Despite her complaints of back pain, Ms. Turner felt it more appropriate for her to drive her shoulder into the door four separate times instead of asking her coworker for help. In the process of driving her shoulder into the stuck door, she was allegedly injured. Ms. Turner admitted in her testimony to performing a significant amount of work while at home on November 18, 2011, while out on disability. On November 18, 2011, while Ms. Turner was off work due to her pain, she was moving items around her garage. While moving items around she knocked loose a reciprocating saw that fell from a shelf and lodged into her leg. She needed immediate medical attention for the injury that resulted. On October 20, 2011, the claims administrator denied Ms. Turner's claim. Ms. Turner protested this decision.

The Office of Judges affirmed the claims administrator's decision to deny the claim because Ms. Turner failed to prove by a preponderance of the evidence that she was injured as a result of her employment with the Logan County Board of Education. The Office of Judges pointed out several reasons for not finding Ms. Turner's claim compensable. First, the Office of Judges noted the timing of the alleged injury. Ms. Turner injured herself the day she was supposed to return to work from her previous back injury. Next, the Office of Judges found that her account of the injury was inconsistent with her alleged disability. Ms. Turner reported the problems with her lower back to both Dr. Mukkamala and Dr. Padmanaban and told them that the pain is so bad it causes her to limp. Ms. Turner testified that when she locked herself in the closet another custodian was nearby using the restroom. Despite her complaints of back pain, Ms. Turner felt it more appropriate for her to drive her shoulder into the door four separate times instead of asking her coworker for help. The Office of Judges also questioned whether she had been injured because Ms. Turner admitted to performing a significant amount of work while at home on November 18, 2011. On November 18, 2011, while Ms. Turner was off work due to her pain, she was moving items around her garage. While moving items around she knocked loose a reciprocating saw that fell from a shelf and lodged into her leg. Based upon the timing of the alleged injury, the circumstances surrounding the alleged injury, Ms. Turner's testimony, and Ms. Turner's non-work-related injury while off work on disability, the Office of Judges concluded that Ms. Turner was not injured in the course of and resulting from her employment on September 9, 2011.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Ms. Turner has failed to establish by a preponderance of the evidence that she was injured in the course of and as a result of her employment with the Logan County Board of Education. The only evidence that Ms. Turner injured herself as a result and in the course of her employment is her own testimony. Given the various discrepancies in Ms. Turner's stories and in the record, the Office of Judges did not err in disregarding Ms. Turner's account of how she was injured.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3